# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINCE PACIFIC AVENUE LLC )<br>d/b/a Quince Restaurant, Cotogna Restaurant )<br>470 Pacific Avenue )<br>San Francisco, CA 94133, and )<br>)<br>LONGQI KANG )<br>688 Lombard St. )<br>San Francisco, CA 94133 )<br>)<br>*Plaintiffs*, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>)<br>)<br>)<br>U.S. CITIZENSHIP AND )<br>IMMIGRATION SERVICES, )<br>c/o Office of the General Counsel )<br>245 Murray Lane SW )<br>Mail Stop 0485 )<br>Washington, DC 20528-0485, )<br>)<br>Chad F. Wolf )<br>Secretary, Department of Homeland Security, )<br>in his Official Capacity, )<br>2707 Martin Luther King Jr Ave SE )<br>Washington, DC 20528-0525, )<br>)<br>Kenneth T. (Ken) Cuccinelli )<br>(or his successor), )<br>Senior Official Performing the Duties of the )<br>Acting Director, U.S. Citizenship and )<br>Immigration Services, )<br>in his Official Capacity, )<br>c/o Office of the General Counsel )<br>245 Murray Lane SW )<br>Mail Stop 0485 )<br>Washington, DC 20528-0485, and ) | Civil Action No.  1:20-cv-01887<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT** |

1

| | |
|---|---|
| Kathy A. Baran | ) |
| Director, | ) |
| U.S. Citizenship and Immigration Services, | ) |
| California Service Center, | ) |
| in her Official Capacity, | ) |
| 24000 Avila Rd | ) |
| Laguna Niguel, CA 92677-3407 | ) |
| | ) |

*Defendants*.

# INTRODUCTION

1.  This complaint arises from the arbitrary and unlawful denial of the H-1B visa petition of Quince Pacific Avenue LLC d/b/a Quince Restaurant and Cotogna Restaurant ("Quince Restaurant"), a three-star Michelin restaurant with nearly $20 million in annual revenues, on behalf of Ms. Longqi Kang based on an offer to employ her as Accountant. Ms. Kang, a Chinese national, earned a Bachelor of Business Administration degree in South Korea and a Master's degree in Social Entrepreneurship in the United States. Quince Restaurant previously hired her as an Accountant Trainee pursuant to student visa work authorization and later promoted her to the position of Accountant. This experience, against the background of her formal education, has given Ms. Kang intimate familiarity with Quince Restaurant's complex intercompany financial structure and operations, amply qualified her for the job offered, and distinguished her as a high value employee.

2.  Following strict regulatory criteria, Quince Restaurant's H-1B petition established that Ms. Kang is qualified to perform as an Accountant because she has the equivalent of the required degree – a Bachelor of Business Administration with a concentration in Accounting – by virtue of her education, training and experience.  By decision dated August 19, 2019 ("Decision"), the U.S. Citizenship and Immigration Services ("USCIS") ignored Quince Restaurant's evidence and improperly denied the petition, claiming that Quince

2

Restaurant failed to prove such equivalence. *See* Decision, p. 6. Central to this evidence was an expert evaluation by a university professor authorized to grant college credit based on training and experience. This evaluation closely analyzed Ms. Kang's education, training and professional accounting experience and concluded that she has the equivalent of the required degree. USCIS acknowledged the professor's authority to render a degree equivalency evaluation, but deemed his analysis "unpersuasive" allegedly because there were no materials in the record establishing Ms. Kang's job duties during her employment. *See* Decision, p. 4. USCIS' conclusion was incorrect because the evaluation recited Ms. Kang's duties *word for word* from the employment verification letter provided by Quince's Director of Finance, which was, in fact, in the record. Quince Restaurant filed a Motion to Reopen, which was supported by the Professor's new, nine-page *supplemental* evaluation reaffirming his reliance on Quince Restaurant's employment verification letter and confirming his ultimate conclusion that Ms. Kang possesses the equivalent of the required degree. USCIS summarily dismissed the Motion asserting that it was not supported by any new documents. This was incorrect and blatantly ignored the Professor's supplemental evaluation, which properly establishes Ms. Kang's qualifications to perform the duties of Accountant.

3. USCIS's denial of the petition contravenes and fundamentally disregards the substantial, credible, and undisputed evidence in the record and was arbitrary, capricious, and an abuse of discretion.

4. Hence, Plaintiffs Quince Restaurant and Ms. Kang ask the Court to hold unlawful and set aside the denial of the H-1B petition, order its immediate approval, and grant other appropriate declaratory and injunctive relief.

## JURISDICTION AND VENUE

5. This case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§

3

1101 *et seq*., and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). This Court has authority to grant relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the APA. The United States has waived its sovereign immunity under 5 U.S.C. § 702.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1)(A) because this is a civil action in which the Defendants, respectively, are an agency of the United States and officers of the United States acting in their official capacities, and two of the defendants, Mr. Wolf and Mr. Cuccinelli, reside in this District.

## FINAL AGENCY ACTION AND EXHAUSTION OF REMEDIES

7. Defendants' denial of Quince Restaurant's H-1B petition constitutes final agency action under the APA. *See* 5 U.S.C. §§ 551(13); 701(b)(2); 704. Neither the INA nor implementing regulations require an administrative appeal from the denial. Thus, Plaintiffs may seek judicial review upon denial of the visa petition without any further administrative appeal. *See, e.g., EG Enters. v. DHS,* 467 F. Supp. 2d 728, 732-33 (E.D. Mich. 2006) (H-1B petition denial; USCIS agreed in its cross motion that exhaustion not required); *RCM Technologies, Inc. v. U.S. Dept. of Homeland Sec.,* 614 F. Supp. 2d 39, 45 (D.D.C. 2009) ("[P]laintiffs need not pursue an AAO appeal before seeking judicial review of denied visa applications in federal court."). Accordingly, Plaintiffs have no administrative remedies to exhaust.

## THE PARTIES

8. Quince Restaurant, based in San Francisco, is a fine-dining establishment operated under the direction of Michael Tusk, who was named "Best Chef: Pacific" by the James Beard Foundation in 2011. In addition to its three Michelin stars (the highest international acclaim a restaurant can receive), Quince Restaurant was awarded four stars by the

*San Francisco Chronicle*. It is a distinguished member of Relais & Châteaux, an association of the world's most celebrated restaurants and luxury hotels.  Quince Restaurant enjoys annual revenues of nearly $20 million.  Chef Tusk also owns and operates Cotogna, another of San Francisco's most critically acclaimed restaurants, the Verjus wine bar, and Tusk Events, a catering operation. The financials for all of Quince Restaurant's intercompany operations are managed by a single accounting team, which adds complexity to performing day-to-day accounting, analyzing variances, collecting audits, and preparing recommendations for strategic plans and reviews.

9. Ms. Kang earned a Bachelor's degree in Business Administration from Sungkyunkwan University in Seoul, Korea, in April 2014, with courses in management accounting and management information processing.  In August 2016, she was awarded a Master's in Social Entrepreneurship degree from Hult International Business School in San Francisco. This program is based on the principle that social problems can be tackled in similar ways to business problems. It teaches the special skills that social entrepreneurs will need and combines conventional MBA material such as management accounting, with subjects such as the economics of development. *See* https://www.hult.edu/blog/hult-international-business-school-launches-master-in-social-entrepreneurship (last visited June 5, 2020).

10. From January 2015 to April 2015, Ms. Kang was employed as a Marketing and Business Development Assistant by Korea Telecom (KT) Corporation in Seoul, South Korea. From May 2016 to August 2016, she completed a Master's program internship in Business Development for St. James Food Pantry in Oakland, California.

11. Quince Restaurant hired Ms. Kang as Accountant Trainee in October 2016 pursuant to Optional Practical Training work authorization associated with her student visa and promoted her to Accountant in September 2017.

12. Defendant USCIS is a component of the Department of Homeland Security, 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for adjudicating immigration benefits, including nonimmigrant visa petitions. USCIS denied the H-1B petition at issue here.

13. Defendant Chad F. Wolf is the Acting Secretary of the Department of Homeland Security. He is sued in his official capacity.

14. Defendant Ken Cuccinelli is Senior Official Performing the Duties of the Acting Director of USCIS. He oversees the adjudication of immigration benefits and establishes and implements governing policies. The USCIS Director (or Acting Director) has ultimate responsibility for the adjudication of Quince Restaurant's H-1B petition and is sued in his official capacity.

15. Defendant Kathy A. Baran is Director of USCIS's California Service Center, which denied Quince Restaurant's petition. She signed the Decision and is sued in her official capacity.

16. Defendants USCIS, Wolf, Cuccinelli and Baran (collectively "Defendants") denied the H-1B petition based on the incorrect and unlawful finding that Ms. Kang is not qualified to perform services as an Accountant, which conclusion is not supported by, and is directly contrary to, the undisputed evidence of record.

## THE H-1B REGULATORY SCHEME

17. Congress created the H-1B visa program to allow employers to temporarily employ highly skilled foreign workers in "specialty occupations." *See* INA § 101(a)(15)(H), 8 U.S.C. § 1101(a)(15)(H). With limited exception, Congress declined to impose a labor market test (to recruit U.S. workers) because it wanted to allow employers to use the H-1B program to

quickly respond to labor market needs. However, H-1B employers must attest to compliance with wage requirements and other conditions for the protection of U.S. workers.

18. A specialty occupation is one that requires "theoretical and practical application of a body of highly specialized knowledge" and "attainment of a bachelor's or higher degree in a specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." *See* INA § 214(i)(1); 8 U.S.C. § 1184(i)(1). The implementing regulation specifically includes accounting within the definition of specialty occupation. *See* 8 C.F.R. § 214.2(h)(4)(ii).

19. A foreign worker who lacks the specific bachelor's degree required by the specialty occupation can prove "education, specialized training, and/or progressively responsible experience that is equivalent" to completion of the required degree and "recognition of expertise in the specialty through progressively responsible positions directly related to the specialty." *See* 8 C.F.R. § 214.2(h)(4)(iii)(C). For this purpose, equivalence to completion of a college degree means "achievement of a level of knowledge, competence, and practice in the specialty occupation that has been determined to be equal to that of an individual who has a baccalaureate or higher degree in the specialty." *See* 8 C.F.R. § 214.2(h)(4)(iii)(D).

20. The regulations provide several ways to establish degree equivalence. One is by "[a]n evaluation from an official who has authority to grant college-level credit for training and/or experience in the specialty at an accredited college or university which has a program for granting such credit based on an individual's training and/or work experience." *See* 8 C.F.R. § 214.2(h)(4)(iii)(D)(1). The regulations do not prescribe any specific method or formula for such an evaluation. They require only that the official be authorized to grant life experience credit at a school that has such a program. Quince Restaurant based Ms. Kang's qualifications for the position on this provision.

21. The regulations provide other ways to prove degree equivalence, such as by a USCIS determination that the foreign worker has three years of progressively responsible experience for each year of college that is lacking (known as the "three for one" ratio). *See* 8 C.F.R. § 214.2(h)(4)(iii)(D)(5). Although Quince Restaurant did not – and, on the facts, could not - assert degree equivalence based on this alternative, the Decision ultimately analyzed the case under it and denied the petition after improperly rejecting the professor's degree equivalency evaluation.

22. A foreign national who is present in the United States in a valid nonimmigrant visa status may be eligible for a "change of status" to the H-1B visa category. H-1B petitions can and frequently do include requests for such a change of status, e.g., from an F-1 student to H-1B worker visa, in conjunction with petition approval. *See* INA § 248, 8 U.S.C. § 1258; 8 C.F.R. § 248.1(a). Quince Restaurant included with its petition a request to change Ms. Kang's status from F-1 to H-1B upon petition approval.

23. The petitioner in an H-1B proceeding bears the burden of proof. However, under the applicable "preponderance of the evidence" standard, a case must be approved if the evidence makes eligibility "more likely than not." *See Matter of Chawathe*, 25 I&N Dec. 369 (AAO Oct. 20, 2010).

24. The uncontroverted evidence of record makes it vastly "more likely than not" that Ms. Kang has education, specialized training and progressively responsible experience equivalent to completion of a Bachelor's of Business Administration degree with a concentration in Accounting and that she has recognition of expertise in the specialty through her progressively responsible positions in the specialty. USCIS has completely ignored this evidence, which makes its Decision arbitrary, capricious and an abuse of discretion and otherwise unlawful under the INA and its implementing regulations.

## FACTS

*The Petition*

25.     On April 1, 2019, Quince Restaurant filed its H-1B petition to employ Ms. Kang in the specialty occupation position of Accountant. In support of the petition, it submitted a Labor Certification Application ("LCA"), agreeing to pay at least the prevailing wage and to other U.S. worker protections, which was certified by the U.S. Department of Labor ("DOL"). It also submitted copies of Ms. Kang's educational credentials, including her South Korean Bachelor's degree in Business Administration and transcript, her U.S. Master's degree in Social Entrepreneurship and transcript, her F-1 student visa, work authorization document, passport biographic page, and proof of her continuous valid U.S. immigration status.

26.     The petition was supported by a letter from Mary S. Young, Quince Restaurant's Director of Finance, dated March 20, 2019, which explained that the Accountant position offered entails complex and demanding technical responsibilities that require "specialized knowledge of business recordkeeping, managerial accounting, and business principles" and could not be performed by an individual lacking a U.S. Bachelor's degree or its equivalent. Ms. Young's letter reviewed Ms. Kang's education and professional training and confirmed that she is uniquely qualified to handle the complex accounting demands of Quince Restaurant.

*The Request for Evidence and Quince Restaurant's Reply*

27.     On May 22, 2019, USCIS issued a Request for Evidence ("RFE"), acknowledging Ms. Kang's Bachelor's degree in Business Administration. However, citing DOL's *Occupational Outlook Handbook*, the RFE asserted that the position of Accountant requires a Bachelor's degree in Business Administration *with a concentration in accounting fields*, or the equivalent, and requested proof accordingly. The RFE is attached as Exhibit A.

28. In response, Quince Restaurant submitted the evaluation of Dr. Josh Sauerwein, D.B.A., C.P.A., Associate Professor of Accounting at George Fox University in Newberg, Oregon (the "University"), which offers college credit based on life experience. The University was founded more than 125 years ago by Quaker pioneers. It is accredited by the Northwest Commission on Colleges and Universities, is ranked by *U.S. News & World Report* as a "best regional university" and offers undergraduate and graduate programs in accounting. *See* https://www.georgefox.edu.; https://blogs.georgefox.edu/newsreleases/?p=7820 (last visited June 5, 2020). Quince Restaurant also submitted a letter from the Dean of the University's College of Business confirming that the University has a program for granting college-level credit based on training and/or work experience, and that Professor Sauerwein is authorized to grant such credit in accordance with the degree equivalency requirement in 8 C.F.R. § 214.2(h)(4)(iii)(D)(1).  Professor Sauerwein's evaluation and the letter from George Fox University are attached as Exhibit B.

29. Quince Restaurant also submitted with its RFE reply a three-page letter from Ms. Young, Ms. Kang's supervisor, verifying Ms. Kang's employment and elaborating on her duties in detail. *See* Letter from Mary S. Young, Director of Finance, dated July 26, 2019 (attached as Exhibit C). This letter establishes that, as an Accountant Trainee from October 2016 to September 2017, Ms. Kang received training in accounts receivable, income auditing, reconciliation, and process payroll. She also gathered and analyzed financial information from different departments, coordinated workers' compensation payroll audits, provided financial analysis, assisted with budgeting, and maintained Quince Restaurant's records and supported its auditing efforts. *Id.*, p. 1.

30. Ms. Young's letter verifies that Ms. Kang was promoted to Accountant in September 2017 and, in this capacity, achieved Quince Restaurant's accounting operational

objectives in various ways. *Id*. at 2. She established and enforced proper accounting methods, policies and principles and recommended processes and controls. *Id.* She engaged in the daily operations of Quince Restaurant's accounting department, which included accounts payable/accounts receivable, daily cash receipts and cash reconciliation, bank reconciliation, general ledger reconciliation, human resources, payroll and utilities, managing employee tip distribution, budgeting, preparing month end closing and financial statements, analyzing variances in revenue and expenditures, and reconciling intercompany and house accounts, among other duties. *Id*.

31. Ms. Young's letter further confirms that, as Accountant, Ms. Kang prepared action plans and audits, resolved related problems, identified trends, determined system improvements and implemented changes. *Id*. She met Quince Restaurant's accounting financial objectives by forecasting requirements, preparing annual budgets, scheduling expenditures, analyzing variances and initiating corrective actions. *Id*. She monitored revenue and expenses, coordinating the collection, consolidation, and evaluation of financial data, prepared special reports, monitored and analyzed accounting data, and produced financial reports or statements. *Id*. She performed duties related to setting up a chart of accounts and defining accounting policies and procedures by assessing internal controls and processes and establishing and maintaining fiscal files and records to document transactions. *Id*. at 3.

32. Ms. Young's letter additionally establishes that, as Accountant, Ms. Kang worked with other departments within Quince Restaurant researching and interpreting accounting policy and making recommendations regarding operational issues. *Id*. She also assisted with solutions to legal challenges by examining current and proposed legislation, enforcing accounting regulations, and recommending new and improved systems and procedures. *Id.* The letter confirms that Ms. Kang performed her duties under Ms. Young's

supervision while working with peers who possess college level degrees or equivalent in the field of Business Administration, Accounting or a related field.

33. Ms. Young's letter establishes that "Ms. Longqi Kang performed duties of progressively increased responsibility and demonstrated a strong theoretical and practical knowledge of accounting to accomplish the company's accounting and financial objectives" and that she "clearly achieved recognition of expertise in accounting as a result of her experience." *Id*., p. 3. This letter is not contradicted by any evidence in the record.

34. Professor Sauerwein's initial evaluation, submitted in response to the RFE, recited Ms. Kang's duties at Quince Restaurant *verbatim* from Ms. Young's letter (although he did not specifically reference the letter) and concluded that they demonstrated Ms. Kang's acquisition of skill and knowledge gained through equivalent coursework in university level classes in the Accounting curriculum. This coursework includes "Principles of Accounting, Principles of Managerial Accounting, Intermediate Accounting I & II, Advanced Accounting, Business Law, Principles of Audit, Advanced Audit, Accounting Information Systems, Principles of Management and Principles of Statistics," which are "typical requirements for the completion of a Bachelor of Science degree in Accounting." **On that basis, Professor Sauerwein concluded that Ms. Kang "has attained the equivalent of a Bachelor of Business Administration degree with a concentration in Accounting from an accredited institution of higher education in the United States."**

35. Plaintiffs submit that Professor Sauerwein's initial evaluation fulfilled all the requirements to prove degree equivalency under 8 C.F.R. § 214.2(h)(4)(iii)(D), and more specifically 8 C.F.R. § 214.2(h)(4)(iii)(D)(1). Therefore, this initial evaluation established by vastly more than the mere preponderance of the evidence required that Ms. Kang has the equivalence of the required degree and is qualified to perform as an Accountant.

*The Decision and Summary Dismissal of the Motion to Reopen*

36. On August 19, 2019, USCIS issued its Decision of denial (attached as Exhibit D). It acknowledged Professor Sauerwein's authority to grant college credit based on education, training and experience. However, it rejected his evaluation as "unpersuasive," claiming that the record does not show how he arrived at his description of Ms. Kang's job responsibilities at Quince Restaurant and that the record contained no materials about Ms. Kang's job duties other than her resume (which is puzzling since no resume was submitted). *See* Decision, p. 4.

37. USCIS's finding was incorrect because Professor Sauerwein's evaluation recited Ms. Kang's duties *verbatim* from Ms. Young's employment verification letter.

38. Oddly, the Decision did acknowledge Ms. Young's employment verification letter in the context of the Service's independent educational equivalency analysis under the "three-for-one" ratio described above, which was not asserted by Quince Restaurant and which is not relevant except insofar as USCIS baldly and improperly characterized Ms. Young's description of Ms. Kang's duties in this letter as "vague." *See* Decision, p. 5. To the extent that the denial rests on this footing, it is improper because the failure to accord evidentiary weight to the statements in Ms. Young's letter flies in the face of the Agency's own precedent, *Matter of Treasure Craft of California*, 14 I. & N. Dec 190 (Reg. Comm. 1972), which affirms that a petitioner's statement should only be rejected when it is contradicted by other evidence in the record, which is not the case here.

39. Finding that Professor Sauerwein's evaluation failed to establish that Ms. Kang has the equivalent of a Bachelor's degree in Business Administration with a concentration in Accounting (and that the record failed to show that Ms. Kang failed to qualify under the "three for one ratio," which is not contested), USCIS denied the petition.

40. Importantly, the Government never questioned whether the position of Accountant offered to Ms. Kang is a specialty occupation, which it undeniably is since it is expressly included among the specialty occupations identified in the implementing regulation. *See* 8 CFR § 214.2(h)(4)(ii). This is also supported by case law. *See, e.g., The Button Depot, Inc. v. DHS*, 386 F. Supp.2d 1140 (C.D. Cal. 2005.)

41. On September 19, 2019, Quince Restaurant filed a Motion to Reopen the Decision pursuant to 8 C.F.R. § 103.5(a), which requires such a motion to state new facts and be supported by documentary evidence. The Motion was supported by a new, nine-page, single-spaced "Supplemental Expert Letter" from Professor Sauerwein dated September 13, 2019 ("Supp. Exp. Ltr") (herein "Supplemental Evaluation") (attached as Exhibit E).

**42. Professor Sauerwein in his Supplemental Evaluation confirmed that his initial evaluation relied on Ms. Young's employment verification letter, which, in his judgment "'provides more than sufficient detail to support an expert equivalency evaluation.'"** *See* **Supp. Exp. Ltr., p. 2.**

43. Professor Sauerwein's Supplemental Evaluation reviewed, affirmed and elaborated in great detail on the bases for his initial evaluation and conclusion regarding Ms. Kang's degree equivalence.

44. Professor Sauerwein based his initial and supplemental evaluations on the analytical principles and practices that he regularly applies in granting college credit based on demonstrated learning gained outside the classroom. *Id. at* 2-3.

**45. Based on his analysis, Professor Sauerwein concluded in his Supplemental Evaluation "as a recognized authority in the field who is authorized to grant college level credit, that Ms. Kang achieved the level of knowledge, competence and practice in**

**accounting that is equal to that of an individual with a Bachelor's in business administration with a concentration in accounting."** *Id.* at **6.**

**46.     Professor Sauerwein in his Supplemental Evaluation also examined the progression of Ms. Kang's duties in her positions as Accountant Trainee and then as Accountant at Quince Restaurant and concluded that "the trajectory of [her] duties demonstrates a clear increase in responsibility and independence that is plainly indicative of the progression that defines her recognition of expertise."** *Id.***, p. 8.**

47.     Quince Restaurant's Motion to Reopen reprinted *the entire substance* of Professor Sauerwein's Supplemental Evaluation to ensure that USCIS would "not overlook" it. *See* Motion to Reopen, pp. 4 to 7 (attached as Exhibit F).

48.     On October 31, 2019, the Service denied the Motion claiming incorrectly that Quince Restaurant "did not submit any documents that were not already in the record" or otherwise present new facts. *See* Decision Denying Motion, entitled "Motion," (attached as Exhibit G), p. 2.

49.     The Defendants' failure to consider the Supplemental Evaluation constitutes a clear abuse of discretion. It also violates the Agency's own precedent, which only permits Defendants to reject an expert opinion letter, or give it less weight, if it does not accord with other information in the record or if it is in some way questionable.  See *Matter of Skirball Cultural Center*, 25 I&N Dec. 799, 805-06 (AAO 2012); *Matter of Caron Int'l, Inc.*, 19 I&N Dec. 791, 795 (BIA 1988.)  Defendants have not questioned Professor Sauerwein's credentials as an expert, the facts on which his conclusion was based, or the conclusion itself.  Defendants instead rejected his initial evaluation in its entirety on grounds that Professor Sauerwein lacked a foundation for his conclusion, which is incorrect as further confirmed by his Supplemental

15

Evaluation.

50. Under 5 U.S.C. §§ 702 and 704, Plaintiffs have suffered a "legal wrong" and have been "adversely affected or aggrieved" by agency action for which there is no adequate remedy of law.

51. If the Decision is permitted to stand, Quince Restaurant will be deprived of Ms. Kang's critical knowledge of its complex accounting and financial operations and its investment in her training. Therefore, Plaintiffs ask the Court to vacate the denial of the H-1B petition, approve the petition and order the Defendants to change Ms. Kang's status to the H-1B visa category.

## **FIRST CAUSE OF ACTION – VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE APA AND THE INA AND ITS IMPLEMENTING REGULATIONS**

52. Plaintiffs incorporate the allegations set forth in the previous paragraphs.

53. Plaintiffs are entitled to review by this Court under 5 U.S.C. §§ 701-706.

54. Quince Restaurant's evidence establishing Ms. Kang's qualification to perform services in the specialty occupation of Accountant is credible, probative and uncontroverted and has a proper foundation in the record. This evidence establishes by much more than the mere preponderance required that Ms. Kang has the equivalent of a Bachelor's degree in Business Administration with a concentration in Accounting. Defendants failed to apply the preponderance of the evidence standard in adjudicating the petition but, rather, applied an improper standard of proof.

55. There is no rational connection between the conclusions asserted by USCIS in its denial and the facts established by the evidence of record, and Defendants have improperly rejected and/or ignored Quince Restaurant's evidence.

56. Defendants' denial of Quince Restaurant's H-1B petition constitutes final agency action that is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with-law in violation of the APA. *See* 5 U.S.C. § 706(2)(A).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully ask that this Court:

1. Assert jurisdiction over the action;

2. Hold unlawful and set aside as arbitrary, capricious, an abuse of discretion or otherwise unlawful, the Defendants' determination, in the form of a final agency action, that the evidence submitted by Quince Restaurant failed to show by a preponderance of the evidence that Ms. Kang is qualified to perform services in the specialty occupation of Accountant, in accordance with the APA, 5 U.S.C. § 706(2)(A), the INA and its implementing regulations;

3. Vacate the denial of Quince Restaurant's H-1B petition and order Defendants, within ten days of the date of the Court's Order, to approve the Form I-129, Petition for Nonimmigrant Worker filed by Quince Restaurant; change Ms. Kang's immigration status to the H-1B classification; and extend her stay in H-1B status through and including July 31, 2022, which is the expiration date of the DOL-certified LCA in this matter;

4. Award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law; and

5. Grant such other relief as the Court deems just, equitable and proper.

Dated: July 13, 2020

Respectfully submitted,

*/s/ Becki Young*

Becki Young
Partner

*Grossman Young & Hammond, LLC*
*8737 Colesville Road, Suite 500*
*Silver Spring, MD 20910*
*Tel: 301.917.6900*
*byoung@grossmanyoung.com*

*Admitted in Maryland and D.C. (Bar ID 467866)*

*Attorney for Plaintiffs Quince and Cotogna and Longqi Kang*