August 19, 2019

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92677-0590



**U.S. Citizenship and Immigration Services**

QUINCE PACIFIC AVE DBA QUINCE REST
c/o BECKI LYNN YOUNG
GROSSMAN YOUNG & HAMMOND LLC
8737 COLESVILLE RD STE 500
SILVER SPRING, MD 20910



WAC1917251787

Form I-129, Petition for a Nonimmigrant Worker

## DECISION

On April 11, 2019, your organization, QUINCE PACIFIC AVE DBA QUINCE REST, filed a Petition for a Nonimmigrant Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify KANG, LONGQI (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA).

INA § 101(a)(15)(H)(i)(b) provides, in part, for the classification of a qualified nonimmigrant:

> ...who is coming temporarily to the United States to perform services...in a specialty occupation described in section 214(i)(1)..., who meets the requirements for the occupation specified in section 214(i)(2)..., and with respect to whom the Secretary of Labor determines and certifies...that the intending employer has filed with the Secretary an application under section 212(n)(1).

You seek new employment for the beneficiary and requested that USCIS change the beneficiary's status.

You stated on the Form I-129 that you are a world class restaurant with 71 employees. You seek to employ the beneficiary as a Accountant from 10/1/2019 to 7/31/2022.

USCIS reviewed the initial record of evidence for eligibility in accordance with the INA and Title 8, Code of Federal Regulations (8 CFR) and could not determine whether you had established eligibility for the benefit sought. Accordingly, USCIS issued a Request for Evidence (RFE) on May 22, 2019. On August 9, 2019, you submitted a response.

After careful review and consideration of the entire record, based on a preponderance of the evidence, the petition will be denied for the reasons discussed below.

### Beneficiary's Qualifications

The issue to be discussed is whether the beneficiary is qualified to perform the duties of the proffered position.



To qualify to perform services in a specialty occupation, you must show that the beneficiary has met the requirements at INA § 214(i)(2), which provides the fundamental requirements of a specialty occupation as follows:

> (A) full state licensure to practice in the occupation, if such licensure is required to practice in the occupation,
>
> (B) completion of the degree described in paragraph (1)(B) for the occupation, or
>
> (C)(i) experience in the specialty equivalent to the completion of such degree, and
>
> (ii) recognition of expertise in the specialty through progressively responsible positions relating to the specialty.

Pursuant to 8 CFR § 214.2(h)(4)(iii)(C), to qualify to perform services in a specialty occupation, the beneficiary must meet one of the following criteria:

> (1) Hold a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;
>
> (2) Hold a foreign degree determined to be equivalent to a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;
>
> (3) Hold an unrestricted State license, registration or certification which authorizes him or her to fully practice the specialty occupation and be immediately engaged in that specialty in the state of intended employment; or
>
> (4) Have education, specialized training, and/or progressively responsible experience that is equivalent to completion of a United States baccalaureate or higher degree in the specialty occupation, and have recognition of expertise in the specialty through progressively responsible positions directly related to the specialty.

Further, 8 CFR § 214.2(h)(4)(ii) defines a "recognized authority" as:

> Recognized authority means a person or an organization with expertise in a particular field, special skills or knowledge in that field, and the expertise to render the type of opinion requested. Such an opinion must state:
>
> > (1) The writer's qualifications as an expert;
> >
> > (2) The writer's experience giving such opinions, citing specific instances where past opinions have been accepted as authoritative and by whom;
> >
> > (3) How the conclusions were reached; and
> >
> > (4) The basis for the conclusions supported by copies or citations of any research material used.

It appears from your descriptions of the position that the beneficiary will perform the duties of an accountant. You also provided a certified Labor Condition Application (LCA) for an accountants/auditors position. The *Occupational Outlook Handbook* indicates that many



accountants/auditors have bachelor's degrees in accounting or business administration with a concentration in accounting fields.

The record contains the following evidence regarding the beneficiary's qualifications:

- a copy of the beneficiary's U.S. degree with transcripts;
- copy of the beneficiary's foreign degree with transcripts;
- two evaluations from foreign credentials evaluation services;
- two evaluations of the beneficiaries experience and education from college professors

USCIS will first consider whether the beneficiary meets at least one of the requirements at 8 CFR § 214.2(h)(4)(iii)(C)(1) through (iii)(C)(3).

### 1. Hold a United States bachelor's or higher degree required by the specialty occupation from an accredited college or university

The beneficiary holds a U.S. Master's degree in Social Entrepreneurship. This degree is not the degree that is required by the position.

### 2. Hold a foreign degree determined to be equivalent to a United States bachelor's or higher degree required by the specialty occupation from an accredited college or university

The beneficiary's foreign education was evaluated to be equivalent to a U.S. bachelor's degree in business administration without a specific concentration. This degree is not the degree that is required by the position.

### 3. Hold an unrestricted State license, registration, or certification which authorized the beneficiary to fully practice the specialty occupation and be immediately engaged in that specialty in the state of intended employment

This occupation does not require a state license, registration, or certification.

### 4. Have education, specialized training, and/or progressively responsible experience that is equivalent to completion of a United States bachelor's or higher degree in the specialty occupation and have recognition of expertise in the specialty through progressively responsible positions directly related to the specialty

This is the only criterion that the beneficiary could possibly meet. In considering whether the beneficiary qualifies under this category by virtue of the beneficiary's education, practical experience and/or specialized training, 8 CFR § 214.2(h)(4)(iii)(D)(1) through (iii)(D)(4) state:

> Equivalence to completion of a college degree. For purposes of paragraph (h)(4)(iii)(C)(4) of this section, equivalence to completion of a United States baccalaureate or higher degree shall mean achievement of a level of knowledge, competence, and practice in the specialty occupation that has been determined to be equal to that of an individual who has a baccalaureate or higher degree in the specialty and shall be determined by one or more of the following:
>
> > (1) An evaluation from an official who has authority to grant college-level credit for training and/or experience in the specialty at an accredited college or university



> which has a program for granting such credit based on an individual's training and/or work experience;
>
> (2) The results of recognized college-level equivalency examinations or special credit programs, such as the College Level Examination Program (CLEP), or Program on Noncollegiate Sponsored Instruction (PONSI);
>
> (3) An evaluation of education by a reliable credentials evaluation service which specializes in evaluating foreign educational credentials;
>
> (4) Evidence of certification or registration from a nationally-recognized professional association or society for the specialty that is known to grant certification or registration to persons in the occupational specialty who have achieved a certain level of competence in the specialty;

The first evaluation came from a college official at NYU Stern School of Business and stated that the beneficiary's education, work experience and training are equivalent to a U.S. bachelor's degree in business administration with a concentration in accounting. You provided a letter from a Deputy Chairman at NYU Stern School of Business. This letter stated that the college official may "recommend" that credits be granted based on training or work experience. 8 CFR § 214.2(h)(4)(iii)(D)(1) requires that you show that the college official "has the authority" to grant college-level credits based on training or work experience. "Recommending" college-level credits is not the "authority to grant" such credits. Thus, the provided evaluation does not meet the requirements for such evaluations at 8 CFR § 214.2(h)(4)(iii)(D)(1).

The second evaluation came from a college official at George Fox College of Business and stated that the beneficiary's education, work experience and training are equivalent to a U.S. Master's degree in Social Entrepreneurship and a bachelor's degree in business administration with a concentration in accounting.

In reviewing the materials submitted to the record with regard to the beneficiary's qualifications, Dr. Josh Sauerwein, Associate Professor of Accounting appears to have the authority to grant college-level credit for candidates' foreign educational credentials, training and/or employment experience at George Fox College of Business.

However, the analysis of the beneficiary's employment history and level of job responsibilities is not persuasive. For example, the record does not show how Dr. Josh Sauerwein, Associate Professor of Accounting arrived at the official's description of the beneficiary's job responsibilities and level of responsibility at Quince Pacific Avenue.

No other materials are on the record with regard to the job duties of the beneficiary's previous employment, other than the beneficiary's résumé that simply lists the beneficiary's job titles and periods of employment with those employers.

USCIS may make its own independent assessment of the beneficiary's credentials. In its independent assessment of the beneficiary's education, specialized training, and/or work experience for equivalency to the attainment of a bachelor's or higher degree or its equivalent, USCIS is guided by the regulations at 8 CFR § 214.2(h)(4)(iii)(D)(5), as follows:

> A determination by the Service that the equivalent of the degree required by the specialty occupation has been acquired through a combination of education, specialized training, and/or



work experience in areas related to the specialty and that the alien has achieved recognition of expertise in the specialty occupation as a result of such training and experience. For purposes of determining equivalency to a baccalaureate degree in the specialty, three years of specialized training and/or work experience must be demonstrated for each year of college-level training the alien lacks. For equivalence to an advanced (or Masters) degree, the alien must have a baccalaureate degree followed by at least five years of experience in the specialty. If required by a specialty, the alien must hold a Doctorate degree or its foreign equivalent. It must be clearly demonstrated that the alien's training and/or work experience included the theoretical and practical application of specialized knowledge required by the specialty occupation; that the alien's experience was gained while working with peers, supervisors, or subordinates who have a degree or its equivalent in the specialty occupation; and that the alien has recognition of expertise in the specialty evidenced by at least one type of documentation such as:

(i) Recognition of expertise in the specialty occupation by at least two recognized authorities in the same specialty occupation;

(ii) Membership in a recognized foreign or United States association or society in the specialty occupation;

(iii) Published material by or about the alien in professional publications, trade journals, books, or major newspapers;

(iv) Licensure or registration to practice the specialty occupation in a foreign country; or

(v) Achievements which a recognized authority has determined to be significant contributions to the field of the specialty occupation.



Since the beneficiary does not appear to have the appropriate college-level studies, the beneficiary would need to possess at least six (6) years of progressively responsible work experience to meet the equivalency ratio requirements. In addition, you would have to establish that the beneficiary's work experience also fulfills the criteria outlined in the regulations as to progressively responsible work experience and other requirements.

The letter from the beneficiary's employer document two years and six months of work experience. In addition, while the letter describes the beneficiary's duties it does so in vague terms. According to the petitioner's letter, the first year of the beneficiary's employment was dedicated to training the beneficiary to perform the duties of an accountant. While some training would be necessary for any accountant coming into new employment, that training would not include the basics of accounting as described in the petitioner's letter. The year long training provided by the petitioner is also an indication that the beneficiary was not qualified, at the time she was hired, to perform the duties of an accountant. After the first year of employment the beneficiary's title changed but the position's essential duties did not change. Essentially, even with a years' worth of on-the-job training (regardless of responsibilities) is not equal to a four year college education. Finally, the record does not contain documents that indicate whether the beneficiary's experience was gained while working with peers, supervisors, or subordinates who have a degree or its equivalent in the specialty occupation.

Thus, you have not shown that the beneficiary has education, specialized training, and/or progressively responsible experience that is equivalent to completion of a United States bachelor's degree or higher in the specialty.

Furthermore, as quoted above, when you are attempting to qualify the beneficiary based on the beneficiary's education, training, and/or progressively responsible experience, INA § 214(i)(2)(C)(ii) and 8 CFR § 214.2(h)(4)(iii)(C)(4) require that you show that the beneficiary has recognition of expertise in the specialty, through progressively responsible positions directly related to the specialty. Evidence of recognition of expertise is listed at 8 CFR § 214.2(h)(4)(iii)(D)(5).

Moreover, the evaluation of the beneficiary's education, training and experience does not discuss the beneficiary's recognition of expertise.

Therefore, you have not shown that the beneficiary has recognition of expertise in the specialty through progressively responsible positions relating to the specialty.

As such, you have not shown that the beneficiary meets at least one of the requirements at 8 CFR § 214.2(h)(4)(iii)(C). Thus, you have not shown that the beneficiary is qualified to perform the duties of the proffered position.

The burden of proof to establish eligibility for the benefit request rests with you. Here, that burden has not been met.

Consequently, the petition is denied for the above stated reason.

If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if by mail) of the date of this decision. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at http://www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.



Sincerely,

*Kathy A. Baran*

Kathy A. Baran
Director, California Service Center

Enclosures:
    Form I-290B, Notice of Appeal or Motion