October 31, 2019

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92677-0590

 

**U.S. Citizenship
and Immigration
Services**

MARY S YOUNG
QUINCE PACIFIC AVENUE DBA QUIN
c/o BECKI LYNN YOUNG
GROSSMAN YOUNG AND HAMMOND LLC
8737 COLESVILLE ROAD STE 500
SILVER SPRING, MD 20910

WAC1990338259

Associated Case Number:
WAC1917251787

Form I-290B, Notice of Appeal or Motion



## MOTION

You filed Form: I-129, pursuant to section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA). On August 19, 2019, U.S. Citizenship and Immigration Services (USCIS) denied the benefit request for the reason(s) discussed in that decision. On September 19, 2019, you filed the present motion to reopen and reconsider with a Notice of Appeal or Motion (Form I-290B).

### I. Requirements for a Motion

An overarching requirement for a motion to reopen and reconsider is found at Title 8, Code of Federal Regulations (8 CFR) § 103.5(a)(1)(i), which states in part:

> General. Except where the Board has jurisdiction and as otherwise provided in 8 CFR parts 3, 210, 242 and 245a, when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. Motions to reopen or reconsider are not applicable to proceedings described in §274a.9 of this chapter...

To merit reopening or reconsideration, the motion must show proper cause for granting the motion. As stated in 8 CFR § 103.5(a)(4), "[a] motion that does not meet applicable requirements shall be dismissed."

8 CFR § 103.5(a)(2) provides for the following requirements for a motion to reopen:

> Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:

>> (i) The requested evidence was not material to the issue of eligibility;

>> (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or

(iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

The instructions to the Form I-290B have the following requirements for a motion to reopen:

**Motion to Reopen:** A motion to reopen must state new facts and must be supported by documentary evidence demonstrating eligibility for the required immigration benefit at the time you filed the application or petition.

Regarding a motion to reconsider, 8 CFR § 103.5(a)(3) requires that:

A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

The instructions to the Form I-290B further state:

**Motion to Reconsider:** A motion to reconsider must demonstrate that the decision was based on an incorrect application of law or policy, and that the decision was incorrect based on the evidence in the case record at the time of the decision. The motion must be supported by citations to appropriate statutes, regulations, precedent decisions, or statements of USCIS policy.



A motion to reconsider should not be used to raise a legal argument that could have been raised earlier in the proceedings. *See Matter of Medrano*, 20 I&N Dec. 216, 219 (BIA 1990, 1991). Rather, any "arguments" that are raised in a motion to reconsider should flow from new law or a *de novo* legal determination that could not have been addressed by the affected party. *Matter of O-S-G-*, 24 I&N Dec. 56, 58 (BIA 2006). Further, the reiteration of previous arguments or general allegations of error in the prior decision will not suffice. Instead, the affected party must state the specific factual and legal issues raised on appeal that were decided in error or overlooked in the initial decision. *See Matter of O-S-G-*, 24 I&N Dec. at 60.

## II. Discussion

USCIS denied the benefit request because the beneficiary was found not qualified to perform the specialty occupation. On motion, you did not submit any documents that were not already in the record:

On motion, you did not submit new facts that are supported by affidavits and/or documentary evidence demonstrating eligibility at the time the underlying application or petition was filed. Thus, the motion does not meet the requirements for a motion to reopen.

Regarding the motion to reconsider, you did not provide probative reasons for reconsideration that are supported by citations to appropriate statutes, regulations, or precedent decisions when filed and establish that the decision was based on an incorrect application or law or policy, and that the decision

was incorrect based on the evidence of record at the time of the decision. Thus, the motion does not meet the requirements for a motion to reconsider.

### III. Conclusion

The burden of proof rests with you in this proceeding. A motion that does not meet the applicable requirements shall be dismissed. Here, the motion does not meet the requirements of a motion to reopen or a motion to reconsider. Therefore, the instant motion to reopen and reconsider is dismissed and the prior decision will remain unchanged.

Sincerely,

Kathy A. Baran
Director, California Service Center